UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FEDERAL TRADE COMMISSION,
    Plaintiff,

vs.

A+ FINANCIAL CENTER, LLC, *et al.*,
    Defendants.

Case No. 1:13-mc-50

Weber, J.
Litkovitz, M.J.

**ORDER**

    This matter is before the Court on the Federal Trade Commission's (FTC) sealed motion to transfer this matter to the United States District Court for the Southern District of Florida (Doc. 6), the response in opposition by interested party Vantiv, Inc. (Vantiv) (Doc. 10), and the FTC's reply memorandum. (Doc. 15).

    The FTC initiated this matter on August 22, 2013, when it filed a motion to compel Vantiv to produce documents pursuant to a Fed. R. Civ. P. 45 subpoena issued from the Southern District of Ohio and authorized by the United States District Court for the Southern District of Florida. (Doc. 1). The subpoena seeks the production of various documents related to Vantiv's communications with A+ Financial Center, LLC, the defendant in the underlying Florida Litigation.[1] *See* Doc. 1 at 72-84. Shortly after filing its motion to compel, the FTC filed the instant motion to transfer this matter to the District Court in Florida in the interest of judicial economy and consistency of outcomes. (Doc. 6 at 1). This matter was stayed briefly during the

---

[1] The Florida Litigation involves the FTC's claims that A+ Financial Center, LLC, among others, were engaged in a telemarketing scheme intended to induce consumers into purchasing phony credit card interest rate reduction services in violation of federal law. *See Federal Trade Commission v. A+ Financial Center, LLC*, No. 2:12-cv-14373-DLG (S.D. Fla. 2012) (Doc. 1) (Florida Litigation).

recent federal government shutdown. (Doc. 14). The stay has been lifted (Doc. 18) and this matter is now ripe for ruling.[2]

The FTC seeks to transfer its motion to compel to the Florida District Court because of that Court's familiarity with the underlying issues, the fact that Vantiv has filed a motion for a protective order in the Florida Litigation, and in the interests of consistency of outcomes and judicial economy. The FTC asserts that it has worked with the receiver in the Florida Litigation for months in an attempt to obtain the documents requested from Vantiv in order to assess whether Vantiv and its wholly owned subsidiary, National Processing Company (NPC), should be added as defendants in the Florida matter for violation of the Telemarketing Sales Rule (TSR), 16 C.F.R. Part 310. (Doc. 6 at 6). These efforts were unsuccessful as certain relevant documents related to underwriting of the A+ defendants' files were not produced by NPC pursuant to the Florida receiver's document requests. (*Id.*). Subsequently, the FTC petitioned for and received authorization from the Florida Court to issue Fed. R. Civ. P. 45 subpoenas to Vantiv and NPC for these specific unproduced documents.[3] (*Id.* at 7). In lieu of responding to the Rule 45 subpoena, Vantiv filed a motion for a protective order asserting its preference to engage in mediation discussions over discovery; Vantiv later informed the Florida Court that mediation was no longer an option. (*Id.* at 8). The FTC now moves to transfer this matter to the Florida Court as that court is more familiar with the underlying claims and readily able to determine discovery issues related to subpoena. (*Id.*).

---

[2] During the briefing period, the FTC filed a Notice with this Court that it had filed a petition in the Florida Litigation to enforce an administrative subpoena, a Civil Investigative Demand (CID), that was served on Vantiv. (Doc. 9). The FTC represents that the CID seeks the same information as the subpoena issued by this Court, but that unlike responses to Rule 45 subpoenas, the FTC is precluded from readily sharing the documents received in response to a CID with the receiver in the Florida Litigation. (Doc. 9 at 2). The FTC further represents that Vantiv has refused to comply with the CID. (*Id.*).

[3] The NPC subpoena was the subject of a similar matter in the United States District Court for the Western District of Kentucky. *See Federal Trade Commission v. A+ Financial Center, LLC*, No. 3:13-mc-25-H (W.D. Ky. 2013).

Vantiv opposes transfer of the FTC's motion to compel asserting that the Federal Rules of Civil Procedure do not permit such a transfer. (Doc. 10 at 2). Vantiv further asserts that the FTC has failed to put forth any justification for transferring its motion to compel, claiming that both this Court and the Florida District Court are equally capable of deciding the issues presented by the motion. (*Id.* at 4). Notably, Vantiv does not argue that transfer of the motion would cause it undue burden or prejudice.

Rule 45 provides that subpoenas for the production or inspection of documents must issue "from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2). When seeking to compel production of subpoenaed documents, the serving party is to seek relief from the issuing court. Fed. R. Civ. P. 45(c)(2)(B)(i). The Sixth Circuit has not yet addressed the specific issue presented here: whether this Court may transfer a motion to compel compliance with a Rule 45 subpoena issued to a non-party from this Court to the District Court overseeing the underlying litigation. However, various other circuit courts have examined the issue and determined that it is within the discretion of the court issuing the subpoena to transfer subpoena-related motions to the court overseeing the underlying litigation. *See, e.g., In re Digital Equip. Corp.*, 949 F.3d 228, 231 (8th Cir. 1991) ("While the Oregon district court initially has exclusive jurisdiction . . . it may in its discretion remit the matter to the court in which the action is impending."); *Petersen v. Douglas Cty. Bank & Trust Co.*, 940 F.2d 1389, 1391 (10th Cir. 1991) ("Nothing in Rule 45 or the commentary thereto . . . compels us to conclude that only the Kansas magistrate had authority to rule on a motion to quash, effectively prohibiting him from transferring the motion to Nebraska."). *See also Brinkley v. Houk*, No. 4:06-cv-110, 2008 WL 4560777, at *3 n.1 (N.D. Ohio Oct. 8, 2008) (recognizing that court issuing Rule 45 subpoena has authority to remit disputes related to the subpoena to the court

3

overseeing the underlying litigation); *Patriot Nat. Ins. Group v. Oriska Ins. Co.*, __ F. Supp.2d__, 2013 WL 5347103, at *3 (N.D.N.Y. Sept. 23, 2013) (granting motion to transfer action to compel non-party's compliance with a Rule 45 subpoena to court overseeing underlying litigation in consideration of that court's greater knowledge of the lawsuit and in the interest of a just and speedy resolution); Charles Alan Wright & Arthur R. Miller, 9A *Federal Practice & Procedure*, § 2463.1 (3d ed. 2013) (noting that while the issuing court is the logical forum for Rule 45 subpoena related motions, "it is also within the discretion of the district court that issued the subpoena to transfer motions involving the subpoena to the district in which the action is pending"). Moreover, recent amendments to Rule 45, namely Fed. R. Civ. P. 45(f), "provide authority for [the issuing] court to transfer [subpoena related motions] to the court where the action is pending." Fed. R. Civ. P. 45(f) adv. comm. note (2013). The Advisory Committee notes further provide that transfer of subpoena related motions in cases such as this may be warranted where the proponent can establish that exceptional circumstances exist which support the transfer. *Id*. Such circumstances include where the issuing court's ruling could disrupt management of the underlying litigation or where similar issues are likely to arise in multiple districts. *Id*. Where these concerns outweigh the interests of the nonparty in obtaining local resolution for the motion, transfer is warranted. *Id*.

The rationales of the above cited Appellate and District Courts – that District Courts may transfer motions related to subpoenas to the courts overseeing the underlying litigation where warranted due to, *inter alia*, the interests of judicial economy and avoiding inconsistent results - are persuasive. Further, the undersigned finds that it is within this Court's discretion, pursuant to Fed. R. Civ. P. 45(f), to transfer the FTC's motion to compel to the Florida court if warranted by the circumstances. Thus, the pertinent issue is whether there exist "exceptional circumstances"

4

supporting transfer of the FTC's motion. For the following reasons, the Court finds that the transfer is warranted.

A similar motion to compel Vantiv and its wholly-owned subsidiary NPC to produce documents such as those identified in the FTC's Rule 45 subpoena issued from this Court is currently pending before the Florida District Court. *See Federal Trade Commission v. A+ Financial Center, LLC*, No. 2:12-cv-14373-DLG (S.D. Fla 2012) (Doc. 172). That motion was the subject of a motion to transfer filed by the FTC in the United States District Court for the Western District of Kentucky regarding a similar subpoena-related motion. *See Federal Trade Commission v. A+ Financial Center, LLC*, No. 3:13-mc-25-H (W.D. Ky. 2013) (Doc. 6, Sealed). There, the FTC's Rule 45 subpoena was directed at NPC, not Vantiv, but sought similar items. The FTC moved to transfer the matter to the Florida District Court, which NPC opposed by raising arguments similar to those raised by Vantiv in the instant case. The Kentucky Court determined that transfer to the Florida Court was appropriate because both the FTC and NPC had participated in the Florida Litigation; the CID subpoena was being resolved by the Florida Court; the Florida Court's decisions would impact the motion before the Kentucky Court; and there was the potential for inconsistent rulings given the issues before the Florida and Kentucky Courts. *Id.* at Doc. 17. Given that the Florida Court is currently ruling on the NPC subpoena and for the reasons enunciated by the Kentucky Court determining to transfer that subpoena-related motion, the undersigned finds that transfer of this matter is warranted to avoid inconsistent outcomes and for purposes of judicial economy.

Further, Vantiv's opposition to the transfer is based entirely on its assertion that Fed. R. Civ. P. 45 does not permit the transfer of subpoena-related motions. As outlined above, however, it is within the discretion of the issuing court to transfer subpoena-related motions to

the court overseeing the underlying case.  In addition, Rule 45, as amended, provides an explicit mechanism for transferring such motions to other courts when warranted by the circumstances.  *See* Fed. R. Civ. P. 45(f).  Vantiv has therefore failed to provide a basis for denying the FTC's motion to transfer.  Vantiv does not assert that the transfer would be prejudicial or unduly burdensome nor does the Court find that it would as Vantiv has already meaningfully participated in the Florida Litigation.

Given the above considerations, the undersigned is in agreement with the Kentucky Court that "the wisest course is to permit the court most familiar with the parties' dispute – a court that now has motions pending before it that involve the same dispute – to fully and finally resolve that dispute.  Such a course would eliminate the distinct possibility of inconsistent rulings while affording the parties the best opportunity for a timely resolution of their conflict." *Federal Trade Commission v. A+ Financial Center, LLC*, No. 3:13-mc-25-H (W.D. Ky. Oct. 17, 2013) (Doc. 17).

Accordingly, the FTC's motion to transfer (Doc. 6) is **GRANTED**.  The Clerk of Court is **DIRECTED** to transfer this case to the United States District Court for the Southern District of Florida for consideration of the FTC's motion to compel in the pending matter of *Federal Trade Commission v. A+ Financial Center, LLC*, No. 2:12-cv-14373-DLG (S.D. Fla. 2012).

**IT IS SO ORDERED.**

Date: 12/5/13

Karen L. Litkovitz
United States Magistrate Judge

6